FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2016

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of GLOBAL DIVING & SALVAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ENGINEERED HEAVY SERVICES LLC, a Washington limited liability company and PLATTE RIVER INSURANCE COMPANY, a Nebraska corporation, <br><br> Defendants. | Case No. 2:16-CV-0254-SMJ <br><br> **ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY** |

Before the Court, without oral argument, is the parties' Stipulated Protective Order Governing Confidentiality of Materials and Information Produced in Discovery, ECF No. 30.

**IT IS HEREBY ORDERED:**

1. The parties' Stipulated Protective Order Governing Confidentiality of Materials and Information Produced in Discovery, **ECF No. 30**, is **GRANTED**.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

The parties in the above-captioned matter have determined that certain responses to discovery, including documents to be produced, written responses and deposition testimony may constitute or encompass confidential or proprietary information entitled to protection from use or disclosure other than in connection

Page | 1

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

with the litigation of this action. The parties have agreed, without waiving any privileges and/or constitutional, statutory or common law protections, in order to facilitate the resolution of confidentiality issues with a minimum of the Court's involvement, as follows:

## AGREEMENT

This stipulation and order ("Protective Order" or "Order") shall apply to all manner and means of discovery, including inspection of books, records, magnetic or electronic media, documents and things, and all manner of written and oral discovery.

## DEFINITIONS

"CONFIDENTIAL" Information. The parties hereby agree that the following types of documents shall be considered CONFIDENTIAL to the extent that the producing party has a reasonable basis to believe the document constitutes or reflects:

a. Trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information;

b. Private or confidential personal health information, including, but not limited to, "protected health information" ("PHI"), as that term is defined by the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Page | 2

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

*See* 45 C.F.R. § 160.103;

    c.  Information produced by third parties that constitutes Confidential Information under the definitions in this Stipulation;

    d.  Confidential research, development or commercial information, including non-public financial or business information;

    e.  Information deemed confidential or non-public by a regulatory body;

    f.  Information otherwise protected by law from disclosure; and/or,

    g.  Any other information with respect to which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

The party that is producing such documents shall endeavor to designate such documents as "CONFIDENTIAL" at the time of production, subject to the right to make a subsequent (i.e., post-production) designation as set forth herein.

    h.  <u>"HIGHLY CONFIDENTIAL" Information.</u>  The parties also hereby agree that the following types of documents shall be considered HIGHLY CONFIDENTIAL to the extent that the producing party has a reasonable good faith basis to believe the document:

        1.  Constitutes or reflects highly sensitive and/or proprietary and non-public information, including trade secrets that, if disclosed (whether to business competitors or others), would have the potential to seriously harm the personal, privacy, or business interests of the Designating Party or a non-party to this action;

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

    2. The party that is producing such documents shall endeavor to designate such documents as "HIGHLY CONFIDENTIAL" at the time of production, subject to the right to make a subsequent (i.e., post-production) designation as set forth herein.

    i. "<u>Protected Information</u>." Information designated as either "CONFIDENTIAL" or HIGHLY CONFIDENTIAL" is hereinafter referred to collectively as "Protected Information."

    j. "<u>Independent Expert or Consultant</u>." The parties agree that the term "Independent Expert or Consultant" as used herein shall have the meaning set forth in Paragraph u. below.

## DESIGNATION OF PROTECTED INFORMATION

    k. <u>Good faith designation</u>. Each of the parties agrees to exercise its right to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulation and Order in good faith, and shall designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only those materials or information that it believes in good faith meets the requirements of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" paragraphs above, as the case may be.

    l. <u>Labeling</u>. All Protected Information shall be clearly labeled by the Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time that such Protected Information is produced. Any copies made of Protected

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

Information shall include a confidentiality label. During any deposition or other transcribed proceeding, or for the period 30 days after such deposition or proceeding, any party may designate any portion of the transcript and accompanying materials (i.e., deposition exhibits) as Protected Information. In case Protected Information is stored on computers or is otherwise in electronic format, the CD, DVD or other device containing such information shall either be labeled by the Designating Party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL," or be so described in a letter to counsel for all parties receiving such materials.

  m. <u>Inadvertent failure to designate</u>. The parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all documents, some documents containing Protected Information may be inadvertently disclosed to the other party during the course of this litigation. If a producing party inadvertently fails to stamp or otherwise properly designate documents or other material upon their production, it may designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice to all parties that the material is to be so designated. All parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above. Upon written notice of a belated designation, the party receiving the belated designation shall take reasonable efforts to retrieve Protected Information from persons not authorized to review this material under this Order. Upon request, the party retrieving the

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

Protected Information shall provide to the other party evidence of its efforts to do so.  In no case, however, shall a party or any recipient, who used or disclosed the belatedly designated material, prior to actual notice of the belated designation, incur any liability, penalty or sanction on account of such use or disclosure.

n. <u>Derivative Materials</u>.  All subsequently-created derivative documents such as summaries, charts and notes ("Derivative Materials") that contain or discuss Protected Information in a manner that discloses the content of the Protected Information shall be protected and governed by this Stipulation and Order to the same extent and on the same basis as the underlying Protected Information itself.

o. <u>Redactions</u>.  The right under this Stipulation and Order to designate information and documents as Protected Information does not impact or interfere or serve to waive the parties' right to assert privilege to the information and documents.

p. <u>Privilege log</u>.  A party making redactions of what it claims in good faith are privileged documents in accordance with this Order must: (1) indicate on the redacted documents where redactions have been made; and, (2) provide a redaction log similar in form and substance to a privilege log, containing sufficient information as to the nature of the redacted matter and the reasons for the redactions to enable the Court to determine the propriety of the redactions challenging a designation.

q. <u>Challenging a designation</u>.  If counsel for a party receiving documents or

Page | 6

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

information designated as Confidential Material or Highly Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    1. Counsel for the objector shall serve on the designator a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designator shall respond in writing to such objection within 14 business days, and shall state with particularity the grounds for asserting that the document or information is Confidential Material or Highly Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designator makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    2. If a dispute as to a designation as Protected Information cannot be resolved by agreement, the party challenging the designation shall file a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The Designating Party bears the burden of proof in the propriety of the designation and protection level.

    3. No information that is in the public domain or which is already known

Page | 7

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Protective Order.

  4. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

  r. <u>Limited use.</u>  Except as otherwise ordered by the Court or agreed by the parties in writing, Protected Information shall not be used for any purpose other than pleadings, discovery, motions, briefs, trial and preparation for trial, appellate proceedings, and any settlement or mediation proceedings in the above-captioned case, Cause No. 2:16-CV-00254-SMJ (the "Litigation").

## Access to Protected Information

  s. <u>Authorized persons with respect to "CONFIDENTIAL" Information.</u>  Except as otherwise ordered by the Court or agreed by the parties in writing, disclosure of the testimony, documents and information designated as "CONFIDENTIAL" and associated Derivative Materials, shall be restricted to the following persons:

    1. The parties to this Litigation, and their agents, auditors, insurers, employees, officers, directors, shareholders, affiliates, and attorneys who have a legitimate need to review the information.  For the purposes of this provision,

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

"parties to this Litigation" shall be limited to the Plaintiff and the Defendants in the above-captioned case, including any later-named parties after this protective order is entered;

2. Counsel of record for the parties in this Litigation, and their employees, paralegals, and other secretarial and support personnel working under counsel's supervision;

3. Judges, law clerks and other personnel of the Court before which this Litigation is pending;

4. Mediators or special masters attempting to assist in resolving or adjudicating all or any portions of this Litigation provided that the mediators or special masters are appointed by the Court or all parties agree in writing that the mediators or special masters may serve in that capacity;

5. The trier of fact;

6. Stenographic reporters and videographers at depositions and other proceedings in this Litigation;

7. Independent Experts or Consultants who are retained or employed by any of the parties or their counsel in connection with the Litigation, and who have a legitimate need to review such materials to perform their duties or tasks in connection with the Litigation; and

8. Non-party witnesses in the Litigation only to the extent that such

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

disclosure is reasonably required in connection with giving testimony in the Litigation.

t. <u>Authorized persons with respect to "HIGHLY CONFIDENTIAL" Information</u>. Except as otherwise ordered by the Court or agreed by the parties in writing in advance, disclosure of testimony, documents and information designated as "HIGHLY CONFIDENTIAL," and associated Derivative Materials, shall be restricted to the following persons:

   1. Controlling employees or officers of the parties to this litigation or their assistants and staff;

   2. Counsel of record for the parties in this Litigation, and their employees, paralegals, and other secretarial and support personnel working under counsel's supervision;

   3. In-house counsel for any of the parties who are working to assist Counsel of Record;

   4. Judges, law clerks and other personnel of the Court before which this Litigation is pending;

   5. The trier of fact;

   6. Mediators or special masters attempting to assist in resolving or adjudicating all or any portions of this Litigation provided that the mediators or special masters are appointed by the Court or all parties agree in writing that the mediators or special masters may serve in that capacity;

Page | 10

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

7. Stenographic reporters and videographers at depositions and other proceedings in this Litigation;

8. Independent Experts or Consultants who are retained or employed by any of the parties or their counsel in connection with the Litigation, and who have a legitimate need to review such materials to perform their duties or tasks in connection with the Litigation; and

9. Non-Party witnesses in the Litigation only to the extent that such disclosure is strictly necessary in connection with giving testimony in the Litigation.

u. <u>Independent Expert or Consultant</u>.  For purposes of this Protective Order, "Independent Expert or Consultant" means an expert or independent consultant or contractor who is not an employee of the parties, and is retained solely for the purposes of advising and assisting counsel in the preparation for or trial of this action or retained to give expert testimony, and includes his or her support personnel to whom it is necessary to disclose Protected Information for the purposes of this action.

## Use of Protected Information

v. <u>Disclosure to persons involved in Litigation</u>.  Unless the Designating Party agrees otherwise, Protected Information and associated Derivative Materials may be disclosed to persons referred to in subparagraphs s and t only after such persons have been advised of the terms and operation of this Protective Order.  In

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

addition, unless the Designating Party agrees otherwise, the Protected Information and associated Derivative Materials may be disclosed to persons identified in subparagraphs s and t only after such persons have been shown a copy of this Protective Order and have agreed to be bound by its term.

    w. <u>Depositions</u>.  At the request of any party, the original and all copies of any deposition transcript and exhibits, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL":

        1. At any time during the deposition, at the request of any party, the deposition transcript and exhibits or a portion thereof shall be marked by the reporter with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Protective Order.

        2. Any party may designate a deposition transcript and exhibits or a portion thereof with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation within 30 days after first receiving a formal copy of the same transcript from the deposition reporter and informing all other parties in writing.

    x. <u>Right to withdraw</u>.  A Designating Party has the right to withdraw any designation it has made at any time, upon written notice to the other parties.

    y. <u>Use in open court</u>.  Should counsel for any party desire to use another

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

party's Protected Information, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, inform the Designating Party of the intended use outside of the presence of the jury (if any), and counsel for the Designating Party may at the time of such use request that any portion of the transcript containing such reference to Protected Information and any documents attached as exhibits containing Protected Information be filed under seal with this Court and be afforded treatment as Protected Information as provided by this Protective Order. To the extent applicable, the parties shall comply with the procedures and requirements of the applicable court rules for filing documents under seal or otherwise sealing court documents.

## Other Provisions

z. <u>Filing under seal</u>.  Any Party seeking to file Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," shall comply with the requirements of all court rules to file the Protected Information under seal.

aa. <u>Reasonable precautions</u>. Each party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Protected Information and upon unauthorized or inadvertent disclosure, take reasonable steps to retrieve and limit further disclosure of Protected Information.

Page | 13

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

bb. <u>Inadvertent disclosure</u>.  Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege or work product doctrine or the confidential nature of any such information, as to the inadvertently produced document and any related material, in this action or in any other federal or state proceeding or action.  The producing party must notify the receiving parties promptly, in writing, upon discovery that a document containing potentially privileged information has been produced.  Upon receiving written notice from the producing party that privileged and/or work product material has been produced, the receiving parties shall immediately return all copies of the information or materials and cooperate in the return of all copies of such material from any persons known to have possession of any such re-designated material.  The receiving parties shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.  Should any receiving party have reason to suspect that it has received a document containing potentially privileged information; the receiving party shall immediately quarantine all such material, refrain from viewing such material, and inform the producing party of its suspicion regarding possible receipt of potentially privileged information.  Any receiving party may contest the privilege or work product designation set forth in the producing party's written notice regarding the inadvertently produced

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

documents, and that receiving party shall give the producing party written notice of the reason for said disagreement. However, a receiving party may not challenge the privilege claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial written notice by the producing party regarding the inadvertently produced documents, seek an order from the Court compelling the production of the material. If no such order is sought, upon expiration of the fifteen (15) business day period then all copies of the disputed, privileged, document shall be returned in accordance with this order. Any written analyses, memoranda or notes which were internally generated based upon such inadvertently produced documents shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all electronic copies of such analyses, memoranda or notes in the event that (a) the producing party agrees, in writing, that the information is not privileged, or (b) the Court rules that the information is not privileged.

     cc. <u>Non-Waiver</u>. By signing this Protective Order, a party is not deemed

Page | 15

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

to have consented or agreed to the production of any document, testimony or information or to have waived any objection to the production or use of any document, testimony or information in this or other litigation or waived any applicable privilege or legal protection. The placing of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation on the face of a document produced shall have no effect on determining the authenticity or admissibility of that document at trial.

dd. <u>Further Measures</u>. This Protective Order shall be without prejudice to the right of the Designating Party to present a motion to the Court for separate protective orders as to any Protected Information, including for restrictions differing from those as specified herein.

ee. <u>Upon final disposition</u>. At the conclusion of this action by final disposition of all claims all copies of Protected Information shall be returned to the producing party, deleted or destroyed upon request within 60 days, after which time, the receiving party shall provide written verification that the receiving party, along with its counsel, experts consultants, etc., no longer has in its possession any of the producing party's Protected Information. Nothing contained herein shall limit the right of counsel to keep Protected Information for counsel's historical files and copies of such counsel's work product that contain Protected Information, provided that such material is appropriately marked as Protected Information and kept in a secure location not freely accessible to other firm employees. The termination of proceedings in this Litigation shall not relieve the parties, their

Page | 16

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

counsel, and others receiving Protected Information of the obligation to maintain the confidentiality of Protected Information produced and designated pursuant to this Stipulation and Order.

ff. <u>Third party requests for production</u>.  If any party or counsel receiving Protected Information covered by this Protective Order (a) is subpoenaed in another action, (b) is served with a demand or request in another action, or (c) is served with any other legal process by one not a party to the Litigation that seeks Protected Information produced or designated as such by some other party; the party receiving such subpoena, demand, or other legal process shall give written notice of such to the Designating Party within five e (5) business days of receipt of such demand and, if requested to do so by the Designating Party, shall not disclose such materials until the Designating Party can take action to maintain the confidentiality of the information by asserting appropriate objections and challenge the requested production.  Nothing herein, however, shall be construed as requiring the party that received such Protected Information to challenge or appeal any order requiring that it produce the Protected Information, or to subject itself to any penalties for noncompliance with any legal process or order.

gg. <u>Disputes</u>.  The parties will attempt in good faith to resolve between themselves any disagreements concerning the interpretation or application of this Protective Order.  In response to any violation of this Protective Order, the Court may enter sanctions pursuant to court rules.

hh. <u>Jurisdiction</u>.  Upon conclusion of this Litigation, the Court shall continue

Page | 17

**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY**

to retain jurisdiction to enforce the terms of this Order.

ii. This Protective Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

jj. Any provision of this Protective Order may be modified by the Court upon proper notice and for good cause shown.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this 7th day of December 2016.

_____
SALVADOR MENDOZA, JR.
United States District Court Judge

ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY